### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

# JS-6

Case No. SACV 12-00365-CJC(RNBx)                    Date:  April 6, 2012

Title: <u>HSBC BANK, NA, ET AL. v. MARIA L. GARCIA</u>

PRESENT:

### **HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                              <u>    N/A    </u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 22, 2011, Plaintiff HSBC Bank, National Association, as Trustee for SG Mortgage Securities Trust 2006-FRE 1 filed this action for unlawful detainer against Defendant Maria L. Garcia in California state court.  On March 9, 2012, Ms. Garcia removed the action to federal court, purportedly on the basis of civil rights removal pursuant to 28 U.S.C. § 1443.

A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court.  28 U.S.C. § 1441(a).  However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).  The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  A federal court can assert subject matter jurisdiction over cases that: (1) involve questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000.  28 U.S.C. § 1331; *id.* § 1332.  Cases may also be removed to federal court if they are civil rights cases within the meaning of 28 U.S.C. § 1443.

Ms. Garcia's attempt to rely on civil rights removal pursuant to 28 U.S.C. § 1443(1) is unavailing.  Ms. Garcia's Notice of Removal cites the availability of civil rights removal and describes such removal in general terms.  (*See, e.g.*, Notice of Removal at 2–3.)  Ms. Garcia does not, however, explain why such removal is proper in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-00365-CJC(RNBx)                    Date:  April 6, 2012
                                                              Page 2

this routine unlawful detainer action, how this case involves any violation of any law providing for equal civil rights, or why she cannot adequately enforce his civil rights in state court.  Her allegations that the state court deprived her of due process in the unlawful detainer action and that her "rights to equal protection under the law are non-existent in state court unlawful detainer actions" are conclusory and without support. Accordingly, the Court, own its own motion, REMANDS the case to state court.


jsk

MINUTES FORM 11
CIVIL-GEN                                               Initials of Deputy Clerk: MU